UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<span>AMANTHA</span> L<span>OMASNEY</span>,

    Petitioner,

    v.

M<span>ILLICENT</span> W<span>ARREN</span>,

    Respondent.
_____/

Case No. 14-cv-14081

U<span>NITED</span> S<span>TATES</span> D<span>ISTRICT</span> C<span>OURT</span> J<span>UDGE</span>
G<span>ERSHWIN</span> A. D<span>RAIN</span>

U<span>NITED</span> S<span>TATES</span> M<span>AGISTRATE</span> J<span>UDGE</span>
P<span>AUL</span> J. K<span>OMIVES</span>

**O<span>PINION AND</span> O<span>RDER</span> D<span>ENYING</span> P<span>ETITION FOR</span> W<span>RIT OF</span> H<span>ABEAS</span> C<span>ORPUS</span> [1],
D<span>ENYING A</span> C<span>ERTIFICATE OF</span> A<span>PPEALABILITY, AND</span> G<span>RANTING</span> P<span>ERMISSION TO</span>
A<span>PPEAL</span> I<span>N</span> F<span>ORMA</span> P<span>AUPERIS</span>**

**I. I<span>NTRODUCTION</span>**

This is a habeas case under 28 U.S.C. § 2254. Samantha Lomasney ("Petitioner") was convicted of first-degree felony murder, M<span>ICH</span>. C<span>OMP</span>. L<span>AWS</span> § 750.316(1)(b), unarmed robbery, M<span>ICH</span>. C<span>OMP</span>. L<span>AWS</span> § 750.530, and operating a motor vehicle without a license causing the death of another person, M<span>ICH</span>. C<span>OMP</span>. L<span>AWS</span> § 257.904(4), in the Oakland County Circuit Court. She was sentenced to mandatory life imprisonment for the murder conviction and lesser terms for her other convictions.

The Court finds that Petitioner's claims are without merit. Therefore, the petition will be **DENIED**. The Petitioner's request for a certificate of appealability is also **DENIED**. Petitioner's request for permission to proceed on appeal *in forma pauperis* is **GRANTED**.

## II. BACKGROUND

This Court recited verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> Defendants' convictions arise from the January 2010 death of Greg Wainio, while he worked as a loss prevention associate at a Waterford Township Kmart store. Wainio was killed when he tried to stop Woodworth's theft of property from the store. Wainio pursued Woodworth into a waiting SUV that was parked near the front of the store. Wainio partially entered the SUV and struggled with Woodworth. The driver, Lomasney, drove off rapidly after Woodworth repeatedly instructed her to "go." Wainio's body was dragged approximately 220 feet before being dislodged from the SUV after striking at least one pillar in front of the store. Wainio died from injuries received during the incident.

*People v. Woodworth*, No. 3019620, 2013 WL 2662909, at *1 (Mich. Ct. App. June 13, 2013).

Following her conviction and sentence, Petitioner was appointed appellate counsel who filed a claim of appeal in the Michigan Court of Appeals. Petitioner's brief on appeal raised the same six claims that she presents in this action:

I. The Trial Court Violated Petitioner's Fifth and Fourteenth Amendment Right to Due Process of Law by Failing to Satisfy the element of Malice, Which is Necessary to Sustain a Felony Murder Conviction. "The Due Process Clause Protects the Accused Against Conviction Except Upon Proof of Every Element Necessary To Constitute Crime For Which He Is Charged." *In Re Winship*, 397 US 358, 362; 90 S.Ct. 1068; 25 L Ed 368 (1970).

II. Petitioner's Sixth and Fourteenth Amendment Rights to a Fair Trial were Violated by the Trial Court's Inadequate Response to a Juror Who was Sleeping During Portions of the Trial.

III. The Trial Court Violated Ms. Lomasney's Guaranteed Fourteenth Amendment Right to a Fair Trial by Qualifying Officer Mattewson as an Expert Witness and by Admitting Exhibit 88 which was Misleading, Cumulative, and Highly Prejudicial.

IV. By Engaging in Four Forms of Prosecutorial Misconduct, the Prosecutor Violated Petitioner's Fourteenth Amendment to a Fair Trial. Also with petitioner's Trial Counsel Failing to Object, She was also Denied her Sixth Amendment Right to Effective Assistance of Counsel.

> V. Considered Individually or Cumulatively These Errors Deprived Defendant of her Right to a Fair Trial.
>
> VI. Ms. Lomasney was Sentenced in Violation of Due Process.

Dkt. No. 1 at 2–10 (Pg. ID No. 2–10). The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion. *Woodworth*, 2013 WL 2662909, at *1.

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims she raised in the Michigan Court of Appeals. The Michigan supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Lomasney*, 838 N.W.2d 557 (Mich. 2013)(Table).

### III. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) results in a decision that was contrary to, or involved unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court adjudication is "contrary to" Supreme Court precedent under § 2254(d)(1) "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision [of the Supreme Court] and nevertheless arrives at a [different result]." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (internal quotation marks omitted). Under the "unreasonable

application" clause of § 2254(d)(1), habeas relief is available if "the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Harris v. Haeberlin*, 526 F.3d 903, 909 (6th Cir. 2008) (internal quotation marks omitted). "In order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous," but rather "must have been 'objectively unreasonable.' " *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (citations omitted). Indeed, under the "unreasonable application" clause of § 2254(d)(1),

> even clear error will not suffice. Rather, as a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in the federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*White v. Woodall*, 134 S.Ct. 1697, 1702, 188 L. Ed. 2d 698 (2014) (citations, quotation marks, and alterations omitted).

"When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 135 S.Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015). "federal habeas review thus exists as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.' " *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)). "[W]hether the trial judge was right or wrong is not the pertinent question under AEDPA." *Renico v. Lett*, 559 U.S. 766, 778 n.3 (2010). The question is whether the state court's application of federal law was "objectively unreasonable." *White*, 134 S.Ct. at 1702. In short, the standard for obtaining federal

-4-

habeas relief is "difficult to meet . . . because it was meant to be." *Burt v. Titlow,* 134 S.Ct. 10, 16, 187 L. Ed. 2d 348 (2013) (internal quotation marks omitted).

## IV. DISCUSSION

### A. Sufficiency of Evidence

Petitioner first asserts that insufficient evidence was presented at her trial to demonstrate that she acted with malice to support her conviction of first-degree murder. Respondent argues that the state court adjudication of her claim did not unreasonably apply the clearly established Supreme Court standard.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). But "the Critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . [is] whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." *Id.* at 334 (quoting *Woodby v. INS*, 385 U.S. 266, 282 (1966)). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). "Circumstantial evidence alone is sufficient to support a conviction, and '[i]t not necessary for the evidence at trial to exclude every reasonable hypotheses except that of guilt.' " *Johnson v. Coyle*, 200 F.3d 987, 992 (6th Cir. 2000) (quoting *United States v. reed*, 167 F.3d 984, 992 (6th Cir. 1999)).

More importantly, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state decision was 'objectively unreasonable.' " *Cavazos v. Smith*, 132 S.Ct. 2, 4, L. Ed. 2d 311 (2011) (quoting *Renico*, 559 U.S. at 773). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Therefore a federal habeas court reviewing the sufficiency of evidence for a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Calvin v. Johnson*, 132 S.Ct. 1260, 2065, 182 L. Ed. 2d 978 (2012).

Finally, on habeas review, a federal court does not reweight the evidence or redetermine credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). "It is the province of the factfinder . . . to weigh the probative value of the evidence and resolved any conflicts in testimony." *Neal v. Morris*, 972 F.2d 659 (6th Cir. 1992) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). A habeas court therefore must defer to the act finder for its assessment in the credibility of witness. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).

After referencing the correct standard of review and reciting the elements of the offense, the Michigan Court of Appeals rejected this claim as follows:

> When viewed in the light most favorable to the prosecution, the evidence also was sufficient to prove beyond a reasonable doubt that Lomasney possessed the state of mind necessary to sustain her felony-murder conviction. After Woodworth left the store and got inside the SUV's passenger side, Lomasney acknowledged seeing Wainio place himself between the passenger door and the SUV. Although Lomasney testified that she lifted her foot off the SUV's gas pedal, she further explained that Woodworth's command to "go" prompted her to replace her foot on the accelerator. She did not dispute that she continued speeding out of the

parking lot at speeds between 39 miles an hour and 46 miles an hour, or that the SUV dragged Wainio's body approximately 220 feet from the store's front doors. Lomasney's conduct in accelerating away from the store, notwithstanding Wainio's presence in or very near the SUV, gave rise to a reasonable inference that she intentionally placed in motion a force likely to kill Wainio or cause him great bodily harm.

*Woodworth*, 2013 WL 2662909, at *1–2.

Under Michigan law, the elements of first-degree felony murder are: (1) the killing of a human being, (2) with the intent to kill, to do great bodily harm, or to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result, (3) while committing, attempting to commit, or assisting in the commission of any of a set of specifically enumerated felonies. *Matthews*, 319 F.3d at 789 (citing to *People v. Carines*, 460 Mich. 750, 759, 597 N.W.2d 130 (1999)). To support a finding under Michigan law that a defendant aided and abetted in the commission of a crime, the prosecutor must show that: (1) the crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended the commission of the crime or knew that the principle intended to commit the crime at the time he gave aid and encouragement. *Riley v. Berghuis*, 481 F.3d 315, 322 (6th Cir. 2007) (citing *Carines*, 460 Mich. at 757–58).

The Michigan Court of Appeals' conclusion that there was sufficient evidence to convict Petitioner as an insider and abettor to the crime of first-degree felony murder was reasonable. It was reasonable for the state appellate court to find that petitioner's actions created a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result while she aided Woodworth in committing the crime of unarmed robbery.

Given the evidence admitted at trial, viewed in the light most favorable to the prosecution, the decision by the state appellate court was not so insupportable as to fall below the threshold of bare rationality. *Coleman*, 132 S.Ct. at 2065. The claim is therefore without merit.

### B. Inattentive Juror

Petitioner's second claim asserts that she was denied a fair trial in violation of the Fourteenth Amendment when the trial court failed to remove a juror who was observed falling asleep during one of the trial days. Respondent asserts that the claim is procedurally barred from review by Petitioner's failure to object on constitutional grounds at trial.

A procedural default, however, is not a jurisdictional matter, *Trest v. Cain*, 522 U.S. 87, 89 (1997), and, in certain cases, a determination of whether Petitioner's claim is procedurally defaulted "adds nothing but complexity to the case." *Babick v. Berghuis*, 620 F.3d 571, 576 (6th Cir. 2010). This is such a case and accordingly, the merits of Petitioner's claim will be addressed.

The record shows that on the fifth day of Petitioner's eleven-day trial, the trial court held a recess to address an issue when courtroom personnel noticed a single juror had difficulty staying awake. Trial Tr. V, p. 117. The juror explained that medication he took the night before caused him to sleep poorly. *Id.* at 118–19. The court informed the juror that he would be permitted to stand up if he felt he had trouble staying awake. *Id.* at 119. The juror indicated that he would be able to remain attentive, and the issue was not raised again at trial. *Id.* at 121.

A trial court is not required to remove a juror who has slept and is accorded considerable discretion in handling the matter. *See, e.g.*, *United States v. Freitag*, 230 F.3d 1019, 1023 (7th Cir. 2000); *see also United States v. Newman*, 982 F.2d 665, 670 (1st Cir. 1992). A sleeping juror does not violate a defendant's due process rights unless the defendant can show he was

prejudiced to the extent that he did not receive a fair trial. *See Freitag*, 230 F.3d at 1023. Petitioner's pointing out that a single juror at one point in the trial briefly had trouble staying awake does not by itself establish such prejudice. *United States v. Fernandez-Hernandez*, 652 F.3d 56, 75 (1st Cir. 2011) (citing *Freitag*, 230 F.3d at 1023). This claim is without merit.

### C. Police Officer Testifying as Expert Witness

Petitioner's third claim asserts that the trial court erroneously qualified a Waterford Township Police Office as an expert in accident reconstruction, and it erroneously allowed him to give his opinion about what transpired in the parking lot, including presentation of a computer generated simulation. The Michigan Court of Appeals found that the officer's testimony was properly admitted under state law.

This claim of error concerns the application of a state evidentiary rule, which does not state a ground for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Serra v. Mich. Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only where admission of the disputed evidence rendered the trial "so fundamentally unfair as to deprive the petitioner of due process" may it provide grounds for granting a writ of habeas corpus. *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004). "[S]tate-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend [ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.' " *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43, 116 S. Ct. 2013, 135 L. Ed. 2d 361 (1996)).

Petitioner has not cited to any clearly established Supreme Court law holding that the fundamental fairness of a trial can be undermined by the improper admission of expert testimony. And even if some rule of evidence were violated, relief on collateral review will be

granted "only when a trial error 'had substantial and injurious effect or influence in determining the jury's verdict.' " *Ford v. Curtis*, 277 F.3d 806, 809 (6th Cir. 2002) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). Petitioner fails to show that the alleged evidentiary error rose to the level of a federal constitutional claim warranting relief or that any error had an injurious effect or influence in determining the jury's verdict. Therefore, the claim does not provide a basis for granting habeas relief.

### D. Prosecutorial Misconduct

Petitioner's fourth claim asserts several counts of prosecutorial misconduct. She claims that (1) the prosecutor misstated the law with respect to Petitioner's accident defense, (2) the prosecutor told the jury to disregard the lesser-included offense instructions, (3) the prosecutor appealed to the sympathy of the jury by repeatedly referencing the fact that the victim had died, (4) the prosecutor personally attacked Petitioner by telling the jury all she cared about was drugs, and (5) the prosecutor indicated his personal belief in Petitioner's guilt. Respondent contends that the Michigan Court of Appeals reasonably rejected each of these claims on the merits.

The United States Supreme Court has made clear that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *see also Darden v. Wainwright*, 477 U.S. 168, 181(1986) (citing *Donnelly*); *Parker v. Matthews*, 132 S. Ct. 2148, 2153, 183 L. Ed. 2d 32 (2012) (confirming that *Donnelly/Darden* is the proper standard). "[T]he Supreme Court has clearly indicated that the state courts have substantial breathing room when considering prosecutorial misconduct claims because

constitutional line drawing in prosecutorial misconduct cases is necessarily imprecise." *Slagle v. Bagley*, 457 F.3d 501, 516 (6th Cir. 2006) (internal quotation marks and alterations omitted). Indeed, because "the *Darden* standard is a very general one," courts have "more leeway . . . in reaching outcomes in case-by-case determinations." *Parker*, 132 S. Ct. at 2155 (internal quotation marks omitted).

### a. Misstatement of the Law

The record shows that the prosecutor stated during closing and rebuttal arguments that it did not matter whether Petitioner accidentally or intentionally slammed the car into the pillar because she knowingly drove the car in a way that would cause the victim to hit the pillar. Trial Tr. IX, pp. 15-16, 40.

The state appellate court correctly found that this portion of the closing argument did not misrepresent the law or the defense. *Woodworth*, 2013 WL 2662909 at *10. To be found guilty of felony-murder, it was indeed not necessary for the prosecutor to show that Petitioner intentionally killed the victim. The malice element of the offense is also satisfied, as discussed above, if the prosecutor proved beyond a reasonable doubt that Petitioner created a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result. *Matthews*, 319 F.3d at 789. Accordingly, the challenged argument was not improper.

### b. Advising Jury to Disregard Lesser Offense Instruction

The prosecutor stated during closing argument that the trial court was required under the law to instruct the jury on lesser included offenses. Trial Tr. IX, pp. 23-24. He then stated that the jury could consider these offenses if it wished, but he then urged the jury to convict Petitioner of the charged offense. *Id.* Petitioner argues that the prosecutor's statement essentially informed the jury that the lesser-offense instructions were merely *pro forma* and should not be seriously

considered, but such an interpretation requires a cynical reading of the argument. The state appellate court declined to adopt such an interpretation. *Woodworth*, 2013 WL 2662909 at *10. Under the AEDPA standard of review, this Court cannot second-guess the state court's view of the record given the considerable leeway it affords state courts in making such case-by-case determinations. *Parker*, 132 S. Ct. at 2155.

      *c. Appealing to Jury's Sympathy for Victim*

As Petitioner correctly states, the prosecutor repeatedly referenced the fact that the victim was deceased as the result of Petitioner's actions, whether her conduct amounted to an accident or a lesser offense. Indeed, the prosecutor stated flatly: "[Wainio] will not be any less dead if you convict her of a lesser offense." Trial Tr. IX, pp. 94-95.

Any potential prejudice to Petitioner was mitigated by the fact that the trial court instructed the jurors about the elements of the crimes and the burden of proof, directed them not to let sympathy or prejudice influence their decision, and explained that the attorneys' questions and arguments are not evidence. Jurors are presumed to follow the trial court's instructions. *See Penry v. Johnson*, 532 U.S. 782, 799 (2001) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)); *United States v. Powell*, 469 U.S. 57, 66 (1984) ("Jurors . . . take an oath to follow the law as charged, and they are expected to follow it."); *Cockream v. Jones*, 382 F. App'x 479, 486 (6th Cir. 2010). Petitioner fails to establish that these comments rendered her trial fundamentally unfair.

      *d. Attacking Petitioner's Character*

The prosecutor also repeatedly referenced the fact that Petitioner's motivations were the result of her singular desire to obtain drug money. This line of argument appears in the rebuttal,

in response to Petitioner's argument regarding her hard life, her running away from home as a teenager, and the loss of custody of her daughter due to her drug addiction. Trial Tr. IX, p. 97.

It is inappropriate for a prosecutor to make personal attacks on a defendant or defense counsel, *see, e.g.*, *United States v. Young*, 470 U.S. 1, 9 (1985), but a prosecutor may highlight inconsistencies or inadequacies in the defense, *Bates v. Bell*, 402 F.3d 635, 646 (6th Cir. 2005), and argue the facts supporting the prosecution's theory and the lack of evidence supporting the defense theory. *United States v. Forrest*, 402 F.3d 678, 686 (6th Cir. 2005). The prosecutor's comments about Petitioner's conduct with respect to her drug addiction was relevant to the charged offenses because it tended to show her willingness to act with malice, and they were supported by the evidence presented at trial. The prosecutor did not improperly denigrate Petitioner or attack her character.

      e. *Expressing Personal Belief in Petitioner's Guilt*

Finally, Petitioner challenges the prosecutor's closing remark made in rebuttal where he informed the jury that he did not need "luck" to prevail, and if the jury fairly evaluated the evidence and applied the law, they should return a guilty verdict. Trial Tr. IX, p. 98.

"[A] prosecutor may not express a personal opinion concerning the guilt of the defendant or the credibility of trial witnesses, because such personal assurances of guilt or vouching for the veracity of witnesses by the [prosecutor] exceeds the legitimate advocate's role by improperly inviting the jurors to convict the defendant on a basis other than a neutral independent assessment of the record proof." *Caldwell v. Russell*, 181 F.3d 731, 737 (6th Cir. 1999) (abrogated on other grounds) (citing *United States v. Carroll*, 26 F.3d 1380, 1387-89 (6th Cir. 1994)). However, a prosecutor "is free to argue that the jury should arrive at a particular conclusion based upon the record evidence[.]" *Id*. It is worth noting that the Sixth Circuit has

never granted habeas relief for improper vouching. *Byrd v. Collins*, 209 F.3d 486, 537 n. 43 (6th Cir. 2000).

The Michigan Court of Appeals reasonably found that the statement at issue was proper because it merely asked the jury to find Petitioner guilty based on their own evaluation of the evidence, and not based on his personal belief. *Woodworth*, 2013 WL 2662909 at *11. Because the prosecutor's comment referred to the evidence presented in court indicating Petitioner's guilt rather than his own personal belief, it did not deprive petitioner of a fair trial. *See Cristini v. McKee*, 526 F.3d 888, 902 (6th Cir. 2008).

### E. Cumulative Error

Petitioner alleges that she is entitled to habeas relief because the cumulative effect of trial errors deprived her of a fair trial and due process of law. On habeas review, a claim that the cumulative effect of errors rendered a petitioner's trial fundamentally unfair is not cognizable. *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011). Therefore, Petitioner is not entitled to relief on this claim.

### F. Sentencing Error

Petitioner's final claim asserts that it violates due process for both a principal and an aider-and-abettor to receive mandatory life sentences under Michigan law when a principal of a crime likely plays a more major role in the crime and is therefore more culpable.

The only Supreme Court law concerning sentencing proportionality concerns the Eighth Amendment. And under clearly established Supreme Court law, the United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment. *Lockyer*, 538 U.S. at 77 (gross disproportionality

principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality' ") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.' " *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Here, even if a different level of culpability can sometimes be drawn between a principal and an aider or abettor, in this case Petitioner is the person who actually drove the car in the manner that caused the victim's death, albeit at her co-defendant's direction. This is not a case where the two defendants' degrees of culpability are so different so as to make Petitioner's mandatory life sentence grossly disproportionate to her crime. The claim is therefore without merit.

### V. CERTIFICATE OF APPEALABILITY

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

Here, jurists of reason would not debate the Court's conclusion that Petitioner has not met the standard for a certificate of appealability with respect to any of her claims. The Court

will therefore deny a certificate of appealability with respect to all of Petitioner's claims. The Court will, however, grant Petitioner permission to appeal *in forma pauperis* because an appeal can nevertheless be taken in good faith. 28 U.S.C. §1915(a)(3).

## VI. CONCLUSION

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2 ) **DENIES** a certificate of appealability, and 3) **GRANTS** permission to appeal *in forma pauperis*.

IT IS SO ORDERED.

Dated: January 27, 2016 /s/Gershwin A Drain  
Detroit, MI HON. GERSHWIN A. DRAIN  
United States District Court Judge